**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | No. 13-cv-1969 |
| ANTHONY BUI, | : | |
| | : | |
| Defendant. | : | CRIMINAL ACTION |
| | : | |
| | : | No. 09-cr-232-01 |
| | : | |

## MEMORANDUM AND ORDER

Joyner, J.                                                    June    19, 2013

This case is now before the Court on Defendant/Petitioner's
Habeas Corpus Motion Under 28 U.S.C. § 2255 (ECF No. 149).  For
the reasons set forth below, the Petitioner's Motion is DENIED.

## I.  BACKGROUND

In October 2010, the Petitioner, Anthony Bui, pleaded guilty
to three counts of an indictment which charged him with
conspiracy to manufacture 1,000 or more plants of marijuana, in
violation of 21 U.S.C. § 846, conspiracy to distribute 1,000 or
more kilograms of marijuana, in violation of 21 U.S.C. § 846, and
conspiracy to commit money laundering, in violation of 18 U.S.C.
§ 1956(h).  On May 11, 2011, this Court sentenced the Petitioner
to 192 months imprisonment, a $300 special assessment, a $20,000
fine, and 60 months of supervised release.

The Petitioner noticed his appeal of his conviction and
sentence to the Third Circuit Court of Appeals on May 24, 2011.

1

Noting that the Petitioner had waived his right to take an appeal as part of his plea agreement, the Government moved to enforce the agreement and for the Court of Appeals to affirm the conviction summarily.  The Court of Appeals granted the motion and affirmed the conviction on January 11, 2012.  See United States v. Bui, No. 11-2431 (3d Cir. Jan. 11, 2012) (order granting Government's motion for summary affirmance).  The Petitioner does not appear to have filed a petition for certiorari review by the Supreme Court of the United States.

On April 9, 2013, the Petitioner filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2255 with this Court.  In the petition, he asserts a Sixth Amendment ineffective assistance of counsel claim and a claim that this Court improperly calculated his United States Sentencing Guidelines range ("Guidelines range").[1]  Specifically, the Petitioner asserts: (1) that his counsel rendered ineffective assistance when he advised the Petitioner that, if he pleaded guilty, he would receive a sentence of ten years incarceration; and (2) that this Court improperly calculated the Petitioner's Guidelines

---

[1] The petition also argues that the Petitioner is entitled to equitable tolling in the event that his petition is untimely.  Because the Petitioner's conviction became final on April 10, 2012, ninety days after the Court of Appeals affirmed his conviction, the petition is timely, and we do not consider this argument.  See Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999) ("[I]f a defendant does not file a certiorari petition, the judgment of conviction does not become 'final' until the time for seeking certiorari review expires.").

range when it improperly denied him a three-level reduction in
his offense level based on his timely guilty plea.

The charges against the Petitioner stemmed from his
financing of and involvement in a large-scale operation to grow
and distribute marijuana throughout the Eastern United States.
The Government indicted him, along with two other individuals, on
April 8, 2009.  The Petitioner ultimately pleaded guilty to all
three crimes charged against him in the indictment.

**II.  STANDARD**

Section 2255 of Title 28 of the United States Code provides
an avenue for individuals under federal custody to challenge
their sentences.  To succeed in such a challenge, the petitioner
must demonstrate that the "sentence was imposed in violation of
the Constitution or laws of the United States, or that the court
was without jurisdiction to impose such sentence, or that the
sentence was in excess of the maximum authorized by law, or is
otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

The Petitioner's constitutional claim stems from an alleged
Sixth Amendment violation.  The Supreme Court of the United
States has long recognized that the right to counsel under the
Sixth Amendment and the Due Process Clauses is crucial to
protecting the fundamental constitutional guarantee of a fair
trial.  See Strickland v. Washington, 466 U.S. 668, 684-85
(1984).  In order to establish that counsel's assistance was

3

indeed ineffective, a petitioner must meet both elements of the
two-pronged test established in Strickland.  First, a petitioner
must establish that counsel not only erred, but that counsel's
errors were considerable enough to undermine the proceedings to
such an extent that the outcome cannot be relied upon as fair and
just.  Id. at 687.  Second, it must also be established that
counsel's actions prejudiced the defendant and deprived defendant
of a fair and reliable trial.  Id. at 687.  "Not every 'error by
counsel, even if professionally unreasonable, . . . warrant[s]
setting aside the judgment of a criminal proceeding.'"  Rainey v.
Varner, 603 F.3d 189, 197 (3d Cir. 2010) (quoting Strickland, 466
U.S. at 691).  A petitioner must demonstrate that counsel's error
was prejudicial and that there is a reasonable probability that
were it not for the error the outcome of the proceeding would
have been different.  Id. at 197-98.

As to the Petitioner's claimed sentencing error, "a
defendant who fails to object to errors at sentencing and
subsequently attempts to raise them on direct appeal must
demonstrate cause and prejudice for that failure. . . . [The]
cause and prejudice standard applies to § 2255 proceedings in
which a petitioner seeks relief from alleged errors in connection
with his sentence that he has not directly appealed."  United
States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993) (superseded by
rule in non-relevant part) (internal quotations omitted); see

4

<u>also</u> <u>United States v. Mannino</u>, 212 F.3d 835, 839 (3d Cir. 2000).

"In procedural default cases, the cause standard requires the petitioner to show that some objective factor external to the defense impeded counsel's efforts to raise the claim." <u>Essig</u>, 10 F.3d at 979 (internal quotations omitted). "[I]neffective assistance of counsel . . . is cause." <u>Id.</u> (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)).

## III.  DISCUSSION

The Petitioner asserts his entitlement to habeas relief based on constitutionally ineffective assistance of counsel and this Court's erroneous calculation of his Guidelines range.  The Petitioner has waived his right to file this challenge, so we must deny his requested relief.  Even if we considered his claims on the merits, we would conclude that neither warrants habeas corpus relief.

## A.  Waiver of Right to File Collateral Challenge

As a threshold matter, the Petitioner has waived his right to challenge his sentence in this proceeding.  In both the plea agreement to which he agreed and at his change of plea hearing, the Petitioner acknowledged that he waived his right to, among other things, appeal his sentence directly or challenge it on collateral review.  (<u>See</u> Plea Tr. at 13:7-14:16.)  The Court concluded that the Petitioner had knowingly and voluntarily

pleaded guilty according to the terms of the plea agreement.  Id. at 33:6-15.

A collateral waiver provision contained in a plea agreement is enforceable if it (1) was knowing and voluntary, and (2) does not work a miscarriage of justice.  United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008).

When the Petitioner attempted to appeal his sentence directly, the Court of Appeals concluded that he validly waived his right to do so, that none of the exceptions for non-waivable claims applied, and that the waiver worked no miscarriage of justice.  See United States v. Bui, No. 11-2431 (3d Cir. Jan. 11, 2012) (order granting Government's motion for summary affirmance).  The Petitioner presents no basis for this Court to reach a different conclusion now, nor, on this record, can this Court discern one.  This Court continues to conclude that the Petitioner knowingly and voluntarily waived his right to file this collateral challenge.  Moreover, given that the record discloses no error in the Petitioner's sentencing proceedings and no meritorious claim for habeas relief, see discussion infra, we conclude that the enforcement of the waiver works no miscarriage of justice.  See United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001) (quoting United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)) (identifying as relevant to relieving criminal defendant of appellate waiver, "[t]he clarity of the error, its

gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result."). An enforceable waiver of his right to file this proceeding at all therefore precludes both the Petitioner from seeking habeas relief in this proceeding and this Court from granting the Petitioner such relief.

B. Merits

Even if we ignored the Petitioner's waiver of his right to bring this proceeding at all and considered his claims on the merits, they would still fail. We discuss both claims in turn.

1. Ineffective Assistance of Counsel

The Petitioner alleges that his counsel provided constitutionally deficient assistance because he purportedly led the Petitioner to believe that he would receive a sentence of ten years incarceration if he pleaded guilty. He also asserts that the Government led him to believe that his sentence would be so limited if he pleaded guilty. This argument fails.

The Petitioner does not identify any basis in the record upon which the Court could conclude that his counsel had so advised him or that he had agreed with the Government that his sentence would not exceed ten years of incarceration, and all the evidence in the record is to the contrary. The record clearly

demonstrates that no agreement with the Government existed limiting the Petitioner's sentence to ten years. In his plea colloquy, the Petitioner acknowledged that his plea agreement permitted the Government to make any sentencing recommendation which it wished. (Plea Tr. at 8:18-22, 10:13-14.) The Petitioner further agreed that no promise, assurance, or any other inducement or coercion affected his decision to plead guilty. Id. at 17:18-18:1. The record is clear that no agreement with the Government limiting his sentence to 10 years incarceration existed.[2]

Moreover, the Petitioner acknowledged at his plea colloquy that his counsel had reviewed the plea agreement containing these provisions with him and that he was satisfied with his counsel's representation. Id. at 7:15-8:4. The record therefore squarely contradicts the Petitioner's claim that his counsel advised him that he would receive a sentence of ten years incarceration if he pleaded guilty, and the Petitioner has come forward with no evidence to suggest otherwise.

Accordingly, the Petitioner has not established that any type of enforceable agreement with the Government limiting his sentence existed or was intimated, nor has he shown that his counsel advised him improperly or unreasonably in any form or

---

[2] Even if such an agreement had existed, the Petitioner acknowledged that he understood that any stipulations or agreements as to his sentence contained in his plea agreement and discussed at the plea colloquy would not bind the Court at his sentencing proceedings. (Plea Tr. at 9:21-10:15.)

fashion related to the sentence he could expect if he pleaded
guilty.  It follows that the Petitioner has not demonstrated that
his counsel was ineffective pursuant to Strickland, so we would
deny habeas relief on this basis.

2.   Sentencing Errors

     The Petitioner claims that this Court erred in calculating
his Guidelines range by improperly denying him a three-level
reduction in his offense level.  The Petitioner did not raise
this argument on direct appeal and makes no argument that he has
shown cause, whether through constitutionally ineffective
assistance of counsel or otherwise, for his failure to do so.
Accordingly, because he has not shown cause for his failure to
present this argument on direct appeal, we cannot grant habeas
relief on this basis.  See Essig, 10 F.3d at 979.

     Moreover, even if the Petitioner could establish cause and
prejudice such that we could consider this argument, we would
conclude that it is wholly without merit.  This Court did
conclude that the Petitioner's timely guilty plea merited a
three-level reduction in his offense level.  (Sentencing Tr. at
7:19-8:12.)[3]  No evidence in the record indicates that,

---

[3] At sentencing, the following colloquy took place:

> MR. GAMBURG: I understand that, Your Honor.  But, in
> addition to that – and, again, as evidenced by the
> government's extensive sentencing memorandum, he saved
> the court and the government a lot of time and a lot
> of work and a lot of hours of trial time.
>
> THE COURT: And that's why he got an acceptance of

notwithstanding the Court's clear statement at the sentencing proceedings that the Petitioner had received a three-level reduction in his offense level because of the timely guilty plea, the Court nonetheless failed to credit the reduction or otherwise erred in computing the applicable Guidelines range or imposing the sentence.  We therefore conclude that the Petitioner has not shown any error in the calculation of his Guidelines range or his incarceration sentence, so, even if we considered his request for habeas relief on this basis on its merits, we would deny it.

## IV.  EVIDENTIARY HEARING

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  28 U.S.C. § 2255(b).  Based on the analysis

---

responsibility, counsel.

MR. GAMBURG: Absolutely.

THE COURT: Because he would have a few more years on the guideline range.

MR. GAMBURG: Without question, Your Honor.

THE COURT: At least three more levels of it, right?

MR. GAMBURG: Yes, at least, if not an additional two for obstruction.  I understand that, Your Honor.

THE COURT: For sure.  Very good.

(Sentencing Tr. at 7:19-8:12 (emphasis added).)

above, we conclude that the motion, files, and records of this matter conclusively show that the Petitioner is not entitled to relief on any of his claims.  Accordingly, we dispose of the petition without need for an evidentiary hearing.

## V.   CERTIFICATE OF APPEALABILITY

Finally, the Court must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In this case, we conclude that reasonable jurists could not find the resolution of Petitioners's claims debatable or wrong. Accordingly, the Court will not grant the Petitioner a certificate of appealability with respect to his claims for habeas corpus relief.

## VI.  CONCLUSION

As discussed above, the Petitioner has no viable claim for habeas corpus relief on any of the grounds raised. Therefore, the Petitioner's request for habeas relief is denied.  An order follows.